By the Court:
 

 Harrington,
 
 Justice.
 

 The 10th section of the act of assembly declares, that “every judgment before a justice against an executor or administrator, as such, shall be
 
 of assets,
 
 and shall not
 
 charge
 
 the executor or administrator absolute!}', but only in case such executor or administrator at the time of giving the judgment, or before or afterward have assets which, according to law, ought to be applied to the cause of action; and, all cases in which the question of assets shall be determined, shall be tried by the justice and not by freeholders.”
 

 Under the provision of this section the justice can in no case render any other judgment against an executor or administrator, than a judgment of assets; the effect of that judgment is another thing, and may be varied according to the subsequent finding of the justice on a trial of the question of assets; but the character of the judgment being fixed by the law, and necessarily a judgment of assets, it is for us to say whether the short entry of “Judgment,” in a case where no other judgment than one of assets can be rendered, shall not be taken to be a judgment of assets. The law specifies what the judgment shall be, but not the precise form in which it shall be entered. If the simple entry of “Judgment” be taken to be a judgment of assets, it will amount to the same thing as the formal entry in terms of a judgment of assets; while the construction that requires such formal entry will, in many cases, defeat many judgments which are designed to be, and which in their legal operation, can never be any thing else than judgments of assets. Argumentan ab inconvenient! plurimum valet in lege, and it would necessarily result in the incon
 
 *29
 
 venience stated to require a strictness in the form of entry, which the law does not necessarily require. No danger or inconvenience can result from a contrary construction. The simple entry of “Judgment” against an executor or administrator, can never be'mistaken for a judgment against him personally, if we adopt the construction that it shall be understood to mean, what by law it can only mean, a judgment of assets.
 

 Booth,
 
 for plaintiff in error.
 

 Rodney,
 
 for defendant in error.
 

 The act of assembly is silent as to the mode of proceeding to charge the executor or administrator personally on such a judgment, except that the question of assets shall be tried by the justice, and not by the referees. In what form of proceeding ought this trial to take place? By separate action against the executor or administrator founded on this judgment and proceeding on an allegation of assets; by scire facias suggesting a devastavit or alledging assets, or by a simple allegation before the justice that the defendant has assets? If the latter, what notice should be given to the defendant, and what mode of proof adopted? All these are interesting and important questions, as to which the act of assembly affords no direction andf furnishes no guide. -
 

 On these questions the court do not at present feel themselves authorized to indicate any form of proceeding. They cannot legislate on the question; but when a case arises, it will be for them to say whether the mode adopted by the justice substantially answers the end proposed by the law, and has'afforded reasonable checks and securities against oppression or injustice.
 

 Judgment affirmed.